IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IUPELI MIGI, | ) | Civ. No. 09-00028 JMS-LEK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING |
| | ) | COMPLAINT AND DENYING *IN* |
| vs. | ) | *FORMA PAUPERIS* APPLICATION |
| | ) | |
| B.R. JETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT AND
DENYING *IN FORMA PAUPERIS* APPLICATION**

On January 20, 2009, pro se Plaintiff Iupeli Migi ("Plaintiff"), a prisoner incarcerated at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner"),[1] filed two documents, one titled "Motion for the Filing of Bivens [S]uit[ ] and Federal Tort [P]ursuant to 42 U.S.C. [§] 1983," and the other titled "Affidavit in Support of Motion for Consideration Civil Federal Tort Claim." The court construes Plaintiff's documents as a Complaint and affidavit brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

---

[1] Although Plaintiff is presently incarcerated at FCI Butner, the allegations in his Complaint include acts or omissions that occurred at FCI Butner as well as the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute").

*Narcotics*, 403 U.S. 388 (1971).[2]  Plaintiff also filed an application for leave to proceed *in forma pauperis*.

Plaintiff names B.R. Jett (Ind.), Dr. Webster (Ind.), H.S.A. Beighley (Ind.), Dr. Rupska (Ind.), Assistant Warden Boyd (Ind.), and the Warden at FCI Butner (N.C.)[3] as Defendants to this action.  For the following reasons, Plaintiff's Complaint is DISMISSED and his *in forma pauperis* application is DENIED.

## I. BACKGROUND

Plaintiff's Complaint is nearly incomprehensible; it is composed of nonsensical rambling, save for one or two comprehensible sentences.  Giving Plaintiff the benefit of every doubt and very liberally construing the Complaint, the court concludes that Plaintiff is alleging: (1) that in or around April 2007, Defendants at FCI Terre Haute violated his constitutional rights when they forced him to walk through the prison metal detector knowing that he was equipped with a pacemaker, resulting in electrical shock, pain, and an ultimate infection (Compl. at 2-3); and (2) that in or around August 2008, Plaintiff was wrongfully charged and found guilty of a disciplinary infraction at FCI Butner.  *Id.* at 5.

---

[2] *Bivens* actions are identical to actions brought pursuant to 42 U.S.C. § 1983, "save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

[3] The court liberally interprets the caption on Plaintiff's "Affidavit in Support of Motion for Consideration Civil Federal Tort Claim," to include the Warden at FCI Butner as a Defendant.

## II.  DISCUSSION

**A.     This Court Is Not The Proper Venue to Hear This Matter**

A close review of the Complaint indicates that the events and omissions of which Plaintiff complains occurred in Indiana and North Carolina.  A civil action not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  As none of the Defendants reside in the state of Hawaii, and all of the events giving rise to this action occurred in Indiana or North Carolina, this court clearly is not the proper venue to hear this matter.

Once a court determines that venue is improper, it should examine the merits of the plaintiff's action to decide whether the interests of justice require transfer instead of dismissal.  *See, e.g.*, *King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992).  Transferring a case that would be dismissed does not further the interest of justice.  *See Shemonskey v. Office of Thrift Supervision, Dep't of Treasury*, 733 F. Supp. 892, 895 (M.D. Pa. 1990) (suit against federal agency

dismissed for failure to exhaust administrative remedies, instead of being transferred for improper venue), *aff'd*, 922 F.2d 833 (3d Cir. 1990); *Safeco Ins. Co. v. Miller*, 591 F. Supp. 590, 597 (D. Md. 1984) (transfer would not serve the "interest of justice" where the case, if transferred, would merely be dismissed in the transferee court); *Froelich v. Petrelli*, 472 F. Supp. 756, 763 (D. Haw. 1979) (not in interest of justice to transfer case to California because case would simply be dismissed under the statute of limitations).

It is not in the interests of justice to transfer this action. Plaintiff claims, at times in a confusing manner, that his rights were violated both in Indiana and North Carolina. This makes it difficult to determine where venue for this action lies, or to which court this court should transfer this action. If the court transfers this action to the Middle District of North Carolina, where FCI Butner is located, the Indiana claim will likely be dismissed. If it transfers the action to the Southern District of Indiana, the North Carolina claim will likely be dismissed. Accordingly, Plaintiff's Complaint is DISMISSED without prejudice for want of venue. If Plaintiff so chooses, he is free to pursue his claims in the proper court. Plaintiff's claim that allegedly occurred at FCI Butner in North Carolina, is properly brought before the United States District Court for the Middle District of North Carolina. Plaintiff's claim that allegedly occurred at FCI Terre Haute in

Indiana, is properly brought before the United States District Court for the Southern District of Indiana.[4]

## B.  Plaintiff's *In Forma Pauperis* Application Is Denied

As noted, on January 20, 2009, Plaintiff filed an application to proceed *in forma pauperis*. Plaintiff's *in forma pauperis* application does not comply with the requirements of 28 U.S.C. § 1915. Plaintiff's application does not include his prison trust account statement for the last six months or a signed certificate from prison officials. *See* 28 U.S.C. § 1915(a)(2). More importantly, Plaintiff's Complaint is dismissed without leave to amend in the District of Hawaii. Dismissal of Plaintiff's Complaint in the District of Hawaii without leave to amend moots Plaintiff's *in forma pauperis* application. Accordingly, Plaintiff's *in forma pauperis* application is DENIED as both incomplete, and mooted by dismissal of this action.

///

///

---

[4] Claims under § 1983 arising in Indiana have a two-year statute of limitations. *See* Ind. Code § 34-11-2-4 (2009). Claims under § 1983 arising in North Carolina have a three-year statute of limitations. *See* N.C. Gen. Stat. § 1-52 (2008). As the events giving rise to Plaintiff's claims allegedly occurred between April 2007 and August 2008, no prejudice to Plaintiff results from dismissal of this action. Plaintiff may timely file his claims in the appropriate courts.

## III.  **CONCLUSION**

IT IS HEREBY ORDERED that:

1.  The Complaint is DISMISSED for lack of proper venue.  This dismissal is without prejudice, but without leave to amend (in other words, Plaintiff is not given leave to amend in the District of Hawaii although he may file a new Complaint in the Middle District of North Carolina and/or the Southern District of Indiana).

2.  Plaintiff's *in forma pauperis* application is DENIED without prejudice.

3.  With the exception of a Notice of Appeal to the Ninth Circuit Court of Appeals, Plaintiff will not be allowed to file any further documents in this action in the District of Hawaii.  The Clerk is DIRECTED to close the file.

DATED:  Honolulu, Hawaii, January 23, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Migi v. Jett, et al.*, Civ. No. 09-00028 JMS/LEK; Order Dismissing Complaint and Denying *In Forma Pauperis* Application; prose attorneys\Screening Orders\hmg\2009\Migi 09-00028 JMS (dms lack venue)